## Michael Albright *against* Tobias Pickle.

In replevin, on the issue of rent in arrear, the jury ascertain the sum due to the avowant for rent, and are not confined to the value of the goods distrained : and in such case may allow interest from the time of the replevin sued out.

REPLEVIN for one poplar chest, one pine chest, one feather bed, one chaff bed, and one green bedstead.

The defendant avowed for rent in arrear.

The plaintiff replied, that no rent was in arrear.

The defendant's counsel having established the contract to pay the rent, contended, that they were entitled to recover the whole sum, with interest from the time of bringing the suit.

The plaintiff's counsel insisted, that the avowant could only

[Albright *v.* Pickle.]

recover the value of the articles distrained, his remedy being by the writ of *retorno habendo.* The stat. of 17 Car. 2. c. 7, has altered the law in this particular ; and the jury shall at the prayer of the defendant, inquire concerning the sum of the arrears, and the value of the goods and cattle distrained, and thereupon he shall have judgment for such or so much thereof, as the goods and cattle distrained amount to.    Bull. 58.    The case of Rees *v.* Morgan fully shews this ; where the amendment prayed for, was to enter the finding by the jury, that the rent in arrear amounted to 195l., and the cattle distrained to the same value, which the court granted.    3 Term Rep. 349.    If the jury should find a sum in arrear exceeding the value of the articles distrained, a judgment thereon cannot be enforced by any execution known to the law, and would therefore be of no effect.

*265]    *BY THE COURT.    The issue joined is, whether any, and what rent is in arrear : and I do not see how the jury can be prevented from ascertaining it.    Whether the verdict can be enforced by execution or otherwise, is another consideration.

The statute of 17 Car. 2. c. 7, extends to cases, where a plaintiff in replevin, whose goods have been distrained for rent, is nonsuited before, or after issue joined.    The statute does not alter the judgment at common law, but gives a further remedy to the avowant.    2 Wils. 117.    Carth. 253.    On a verdict for the avowant, the jury in that verdict ascertain the damages, Gilb. on Dist. and Repl. 162. 2d ed. and then there needs no writ of enquiry ; but the judgment is entered, that the defendant have a return of the cattle or goods taken, and that he recover against the plaintiff      l. for his damages by the jury aforesaid in form aforesaid assessed, and also      l. for his charges and costs.

Our act of assembly of 21st March 1772, 1 St. Laws 612, pursues in many particulars, the British statute of 11 Geo. 2. c. 19, and the 11th sect. of the former is couched nearly in the same terms, with the 23d section of the latter.    The sheriff is directed to take a bond in double the value of the goods distrained, conditioned to prosecute the suit with effect, and to return the goods distrained, in case a return shall be awarded ; and the same being assigned to the avowant, he may recover thereupon in his own name, "and the court where such action shall be " brought, may, by a rule, give such relief to the parties upon " such bond, as may be agreeable to justice and reason ; and " such rule shall have the nature and effect of a defeasance " to such bond."

This mode of proceeding is now generally preferred, and is not affected by the former stat. of 17 Car. 2. c. 7.    Gilb. on Dist. 178.    2 Wils. 42.    Therefore it would seem, that in such a case as the present, the avowant would not be without relief, to the extent of the penalty of the replevin bond.    He is not bound to sue out his writ of *retorno habendo,* though a judgment of return is entered for him as a matter of course.

[Pigou's Lessee *v.* Nevil et al.]

It is not the usage in this state to allow interest on rent ; but from the time the landlord distrains or sues for it, it is customary for the jury to make such allowance. The practice is right and proper in itself. Where one unreasonably and vexatiously delays another from the recovery of his just debt, the least compensation he can make, is to pay interest for the delay he has thus given:

Verdict *pro* defendant for 121l. 6s. 6d. the rent in arrear, interest being calculated from the time of suing out the replevin.

The plaintiff's counsel afterwards filed reasons in arrest of *judgment. 1st. For that the jury have not found the value of the goods distrained. 2dly. For that the avowry is not for any sum certain ; and does not state for what lands or tenements the same rent arises, or when the same became due.  [*266

On argument, YEATES, J. adhered to the opinion he gave on the trial, and observed as to the second reason, that it had been the uniform practice to enter such avowrys generally on the docket. *Vid.* 4 Term Rep. 509, Gamon *v.* Jones *et al.* He therefore overruled both reasons, and directed judgment to be entered for the avowant, according to the form he had mentioned.

Messrs. Duncan and C. Hall, *pro quer.*

Messrs. Watts and D. Smith, *pro def.*

Cited and followed with 10 S. & R. 94 where the facts were similar; also in 10 S. & R. 206.

Cited in 13 S. & R. 178 to show that on the issue of no rent in arrear, if the jury find for the defendant in a certain sum, and judgment be entered generally, without finding the value of the goods, though it is informal, yet judgment may be entered *pro retorno habendo,* and the remedy of the defendant is, to issue that writ, or sue the replevin bond ; but execution cannot issue on it.

Cited in 2 Watts 203 and 33 Pa. 448 to show that interest may be recovered on rent in arrears.

Cited in 2 Watts 432 to show that along with judgment for the rent, the judgment *de retorno habendo* is entered of course.